IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff**,

v.

EVELYN CANCIO-RIVERA,

**Defendant.**

CIVIL NO. 24-1335(RAM)

**MEMORANDUM AND ORDER**[1]

Pending before the Court is Defendant Evelyn Cancio-Rivera's ("Defendant" or "Cancio-Rivera") *Motion to Dismiss under FRCP 12(b)(5)*. (Docket No. 11) and Plaintiff United States of America's ("Plaintiff" or "U.S.") *Opposition to Defendant's Motion to Dismiss under FRCP 12(b)(5)*, (Docket No. 13). Defendant alleges a defective service of process by failing to include a copy of the summons. Because Defendant failed to rebut the presumption of valid service of process triggered by the proof of service, her *Motion to Dismiss* at Docket No. 11 is **DENIED**.

Adequate service of process requires both a summons and a copy of the complaint. *See* F. R. Civ. P. 4(c)(1). The proper vehicle to challenge "the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint" is a

---

[1] Carlos Cabrera, a third-year law student at the University of Puerto Rico School of law, assisted in the preparation of this Memorandum and Order.

Motion to Dismiss under Fed. R. Civ. P. 12(b)(5). 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353 (4th ed.). A motion to dismiss under Fed. R. Civ. P. 12(b)(5) will only be granted if the defect is prejudicial to the defendant. Concepcion v. Off. of Commr. of Baseball, 2023 WL 4110155, at *2 (D.P.R. May 31, 2023) (quotation omitted).

A return of service, also known as proof of service, generally serves as *prima facie* evidence that service was validly performed. Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008). However, a defendant may provide rebuttal evidence to refute any presumption of valid service. See Id. at 111-12. A "simple affidavit" may be sufficient to rebut the presumption of proper service. *See* Carrasquillo-Serrano v. Municipality of Canovanas, 991 F.3d 32, 41-42 (1st Cir. 2021).

"When faced with insufficient service of process, district courts have broad discretion to dismiss the action or retain the case and quash service of process." Berríos v. Citibank N.A., No. 11-1224, 2012 WL 1600454, at *2 (D.P.R. May 7, 2012) (citing Ramírez De Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 86 (D.P.R. 2006)). Evidently, "[i]f the record before the court does not reveal any deficiency in the process or in its service, the defendant's motion to dismiss or to quash service must be denied." 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353 (4th ed.).

In the *Motion to Dismiss*, Defendant alleged that a copy of the summons was not included in the documents served. To support this claim, Defendant filed an exhibit with the documents she allegedly received. In response, Plaintiff pointed to the Proof of Service signed by Deputy U.S. Marshal Elliot Claudio on January 10, 2025, and processed by Javier Otero Colón on January 22, 2025. (Docket No. 10). The Proof of Service serves as *prima facie* evidence that the service was validly performed.

Defendant failed to produce an affidavit or any other evidence to sufficiently rebut the presumption of valid service. Defendant's motion for dismissal or to quash must be denied because the record before the Court does not evince a deficiency in the process or in its service.

Accordingly, the Court hereby **DENIES** Defendant's *Motion to Dismiss under FRCP 12(b)(5)* at Docket No. 11.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of April 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE